DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

JUDITH WHEATLEY,              )
                              )
              Plaintiff,      )
                              )
         v.                   )    Civil No. 2015-40
                              )
GOVERNOR KENNETH E. MAPP, LT. )
GOVERNOR OSBERT POTTER, and THE )
GOVERNMENT OF THE UNITED STATES )
VIRGIN ISLANDS,               )
                              )
              Defendants.     )
_____)

ATTORNEYS:

**Vincent A. Fuller, Jr., Esq.**
Law Offices of Vincent A. Fuller, Jr.
St. Thomas, VI
    *For the plaintiff.*

**Claude Walker, AG**
**Carol Thomas Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

    Before the Court is the motion of Kenneth E. Mapp, Osbert

Potter, and the Government of the Virgin Islands to dismiss the

complaint in this matter for failure to state a claim. Kenneth

E. Mapp and Osbert Potter also ask the Court to dismiss the

claims asserted against them in their individual capacities for

insufficient service of process.

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 2

## I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Judith Wheatley ("Wheatley") was formerly employed as the Executive Director of the Virgin Islands Taxi Commission.

Kenneth E. Mapp ("Mapp") is the Governor of the Virgin Islands. Osbert Potter ("Potter") is the Lieutenant Governor of the Virgin Islands.

In early January 2015, Mapp and Potter were sworn in as the Governor of the Virgin Islands and the Lieutenant Governor of the Virgin Islands, respectively. They ran for the position as independents.

At that time, Wheatley, a registered Democrat, was employed as the Executive Director of the Virgin Islands Taxicab Commission. She received favorable reports from her supervisors and co-workers.

Thereafter, Wheatley received a letter from Potter dated February 19, 2015. The letter was sent by Potter as acting governor while Mapp was absent from the territory. In that letter, Potter informed Wheatley that her employment as Executive Director of the Virgin Islands Taxicab Commission would be terminated as of 5:00 PM on February 20, 2015.

Subsequently, on April 29, 2015, Wheatley filed a complaint in this Court. Thereafter, she filed a four-count amended complaint (the "First Amended Complaint") against Governor

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 3

Kenneth E. Mapp, in his individual and official capacity, Lieutenant Governor Osbert Potter, in his individual and official capacity, and the Government of the Virgin Islands. Count One alleges "violation of constitutional and civil rights." Count Two alleges breach of contract. Count Three alleges intentional infliction of emotional distress. Count Four alleges "violation of the law of the Virgin Island[s]."

Thereafter, Mapp, Potter, and the Government of the Virgin Islands filed the instant motion to dismiss the complaint for failure to state a claim; and for insufficiency of service of process.

## II.  DISCUSSION

### A.   Motion to Dismiss for Insufficient Service of process

A defendant may move to dismiss a complaint for "insufficiency of service of process" pursuant to Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). In a Rule 12(b)(5) motion, the party effecting service "'has the burden of demonstrating validity when an objection to the service is made.'" *Cruz v. Matthews,* No. 2007-40, 2011 WL 797663, at *1 (D.V.I. Feb. 28, 2011) (quoting *Suegart v. U.S. Customs Serv.,* 180 F.R.D. 276, 278 (E.D. Pa. 1998)); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir. 1993)("[T]he party asserting the validity of service bears the

burden of proof on that issue."). When a named defendant "has

not been properly served ... district courts possess broad

discretion to either dismiss the plaintiff's complaint for

failure to effect service or to simply quash service of

process." *Umbenhauer,* 969 F.2d 25, 30 (3d Cir. 1992). If it is

possible that service can properly be obtained, dismissing

plaintiff's complaint would be inappropriate. *Id.* However, where

there is no showing of "a reasonable prospect that service by

alternate means could be effected[,]" dismissal of the complaint

is appropriate. *Richardson v. Ingram Corp.,* 374 F.2d 502, 503

(3d Cir. 1967).

**B.   Motion to Dismiss for Failure to State a Claim**

     In order to survive a motion to dismiss, a plaintiff must

offer "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). A court must ask whether the complaint "contain[s]

either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some

viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis in

original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745

F.2d 1101, 1106 (7th Cir. 1984)).

     "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider matters outside the Complaint when ruling on a motion to dismiss." *Cerome v. Moshannon Valley Corr. Center*, 2010 U.S. App. LEXIS 24938, at *9 (3d Cir. 2010). If matters outside of the pleadings are presented to and not excluded by the court, the motion must generally be treated as one for summary judgment under Rule 56. Id. "However, 'an exception to the general rule is that a document integral to or explicitly relied upon by the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (citation and internal quotation marks omitted); see also *In re Trump*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("[A] court may

consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (internal citation and quotations omitted).

### III. <u>ANALYSIS</u>

**A. Motion to Dismiss for Insufficient Service of Process**

Mapp and Potter move to dismiss all claims asserted against them in their individual capacities because they have not been properly served in that capacity.

**1. Compliance with Rule 4**

Proper service in one capacity does not constitute proper service in both capacities. *See Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980)("Micklus concedes that the requirements of Rule 4(d)(1) were not met . . . He nevertheless argues that once Carlson was properly served in his official capacity, he was properly before the court in both individual and official capacities. We reject this argument."). Therefore, the Court must consider whether service on Mapp and Potter conformed with Rule 4's requirements for service on individuals. Rule 4(e)(2) provides that an individual may be served in the Virgin Islands by

> (A) delivering a copy of the summons and of the complaint to the individual personally;

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 7

        (B) leaving a copy of each at the individual's
        dwelling or usual place of abode with someone of
        suitable age and discretion who resides there; or

        (C) delivering a copy of each to an agent authorized
        by appointment or by law to receive service of
        process.

Fed. R. Civ. P. 4(e)(2).

        The burden of proof to show that service is sufficient is
on the plaintiff. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d
510, 513-14 (3d Cir. 1971). In the absence of evidence to the
contrary, an executed summons or other proof of service alone
may be sufficient to demonstrate proper service on a defendant.
*See id.* at 514 n. 5 ("[A]lthough a marshal's return is not
conclusive on the question of service on an agent, it will stand
in the absence of proof to the contrary.").

        Wheatley asserts that Mapp and Potter were properly served
in their individual capacities because Mapp and Potter were
served at Government House and Government House is the legal
residence of the Governor of the Virgin Islands and the
Lieutenant Governor of the Virgin Islands. Even assuming
*arguendo* that Government House is the Governor and/or Lieutenant
Governor's "dwelling or usual places of abode" under Rule 4, no
evidence has been presented that the persons accepting process
resided at those locations. Therefore, service was not proper
under Rule 4(e)(2)(b).

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 8

Wheatley also asserts that service was proper on Mapp and Potter in their individual capacities because the individuals who accepted service were authorized to do so. The summons for Mapp states that it is for "Governor Kenneth E. Mapp." (ECF No. 17, at 1.) The proof of service states that a summons for the "Governor of the VI" was received by Beverly Canclos ("Canclos"). (*Id.* at 2.) The proof of service also states that Canclos was "designated *by law* to accept service of process on behalf of [the] Governor of the VI . . . ." (*Id.* (emphasis supplied).) The affidavit of the service processor also states that the person served was "authorized *according to law* to receive" the process. (*Id.* at 3.)

The summons for Potter states that it is for Lt. Governor Osbert Potter. (ECF No. 17, at 1.) The proof of service states that a summons for the "Government of the VI co/ LT Governor" was received by Petra Phipps ("Phipps"). (*Id.* at 2.) The proof of service also states that Phipps was "designated *by law* to accept service of process on behalf of [the] Lt. Governor . . . ." (*Id.* (emphasis supplied).) The affidavit of the service processor also states that the person served was "authorized *according to law* to receive" the process. (*Id.* at 3.)

In the proof of service, the individuals accepted service on behalf of the offices held by Mapp and Potter. Indeed, Phipps

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 9

accepted service for the "Government of the Virgin Islands c/o Lieutenant Governor." As such, the proof of service is not proof that Canclos or Phipps accepted service on behalf of Mapp or Potter, respectively, in their individual capacities. Moreover, the proof of service states that the individuals were authorized to accept service by law. The Court is unaware of any law that would authorize an individual to accept service on behalf of the Governor or Lieutenant Governor in their individual capacities.

There is no other evidence that the individuals who accepted service had actual or apparent authority to accept process on behalf of the Governor or Lieutenant Governor in their individual capacities. Therefore, the Court concludes that Wheatley has not satisfied her burden of showing that Mapp and Potter were properly served in their individual capacities.

A plaintiff has 120 days to serve a complaint after the complaint is filed with the Court.[1] Fed. R. Civ. P. 4(m)(2015). Wheatley originally filed her complaint on April 29, 2015. (ECF No. 1.) It is now March, 2016. More than 120 days have elapsed since she originally filed her complaint. As such, Wheatley has

---

[1] Rule 4(m) was amended on December 1, 2015, after the complaint in this action was filed. The amendment reduced the time allowed for service to 90 days. *See* Fed. R. Civ. P. 4(m)(2016). Because the complaint was filed before the change to Rule 4(m), the 120-day period allowed in the former version of Rule 4(m) is applied.

failed to comply with Rule 4(m) with respect to Mapp and Potter

in their individual capacities.

### 2. Appropriate Relief

The Court's finding that Wheatley failed to comply with

Rule 4(m) with respect to Mapp and Potter in their individual

capacities does not necessarily require the Court to dismiss the

claims against Mapp and Potter. Even after a district court

finds that a plaintiff has failed to comply with Rule 4(m), the

> . . . District Court must extend the time for
> service . . . where a plaintiff demonstrates good
> cause for the failure to timely serve the defendant.
> *See McCurdy v. Am. Bd. of Plastic Surgery,* 157 F.3d
> 191, 196 (3d Cir.1998). Even if a plaintiff fails to
> show good cause, the District Court must still
> consider whether any additional factors warrant a
> discretionary extension of time. *See Petrucelli v.
> Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305-06
> (3d Cir.1995).

*Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013).

In determining whether good cause exists for an extension,

the Court considers (1) the reasonableness of the plaintiff's

efforts to effect service; (2) prejudice to the defendant

because of untimely service; and (3) whether the plaintiff has

moved for an enlargement of time. *See MCI Telecommunications

Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Ultimately, good cause requires "a demonstration of good faith

on the part of the party seeking an enlargement and some

reasonable basis for noncompliance within the time specified in

the rules." *Id.* (quoting *Petrucelli,* 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)).

Considering these factors, the Court finds that Wheatley's attempts at service were not unreasonable. Moreover, the defendant had notice of the action and would not be prejudiced by an extension of time. Lastly, although no motion for enlargement of time was filed, at the time the motion to dismiss was filed, less than 120 days had elapsed since the filing. Under these circumstances, the Court finds that there has been a sufficient demonstration of good faith on the part of Wheatley and some reasonable basis for noncompliance within the time specified in the rules. On that basis, the Court will grant Wheatley an extension of time to serve Mapp and Potter in their individual capacities.

**B.   Motion to Dismiss for Failure to State a Claim**

In Count One of the Complaint, Wheatley asserts a claim for a violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 because of an alleged deprivation of her First and Fourteenth Amendment rights. It is well-established, however, that no "private right of action against state actors [is] implied under 42 U.S.C. § 1981." *McGovern v. City of Philadelphia*, 554 F.3d 114, 115-16 (3d Cir. 2009)("[W]hile § 1981 creates rights, § 1983 provides the remedy to enforce those rights against state actors.").

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 12

Accordingly, Wheatley may not assert a claim under 42 U.S.C. § 1981.

Section 1983 expressly creates a private right of action against state actors. *See* 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988).

Here, Wheatley alleges that the defendants have violated her first amendment rights, her due process rights, and her equal protection rights under the Constitution. The Court will address each claim in turn.

1. **Count One: Constitutional and Civil Rights Claims**

   i. **Person under Section 1983**

Wheatley asserts Section 1983 claims against the Government of the Virgin Islands; Kenneth E. Mapp, individually and in his official capacity as chief executive officer of the executive branch of the Government of the Virgin islands; and Osbert Potter, individually and in his capacity as deputy chief executive officer of the Government of the Virgin Islands.

A territory is not a person under Section 1983. *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92, 110 S. Ct. 1737, 1743, 109 L.

Ed. 2d 163 (1990)("It is evident that Congress did not intend to encompass a Territory among those "persons" who could be exposed to § 1983 liability."). Similarly, officers of a territory acting in their official capacities are not persons under Section 1983, except to the extent that the plaintiff seeks prospective injunctive relief. *See McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 240 (3d Cir. 2010).

Therefore, Section 1983 does not permit a claim against the Government of the Virgin Islands. The claims against Mapp and Potter, in their official capacities, survive only to the extent that they seek prospective injunctive relief.

**ii.  Due Process Rights**

Wheatley alleges that "[t]he defendants . . . failed to grant Plaintiff her rights under due process . . . since there has been a denial of a property interest by the Defendants, in contravention of Plaintiff's constitutional rights." (First Amended Complaint, ECF No. 1, at § 23).

"The Fourteenth Amendment to the United States Constitution prohibits states from depriving 'any person of life, liberty, or property, without due process of law.'" *Thomas v. Town of Hammonton,* 351 F.3d 108, 113 (3d Cir.2003) (quoting U.S. Const. amend. XIV, § 1). Due process claims may be procedural or substantive. *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133,

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 14

138-39 (3d Cir. 2000). Wheatley has not identified which type of claim she intended to file. As such, the Court will analyze her claims under both substantive due process and procedural due process.

Substantive due process protects certain fundamental property interests. *Id.* at 142. "Tenured public employment" is not such a fundamental property interest. *Id.* Therefore to the extent that Wheatley attempts to assert a substantive due process claim, she fails to state a claim.

The Court now turns to procedural due process. "[T]he first step in analyzing a procedural due process claim is to determine whether the 'asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property.'" *Id.* (quoting *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir.2000)); *see also Latessa v. New Jersey Racing Comm'n,* 113 F.3d 1313, 1318 (3d Cir.1997) ("In order to succeed on a claim of deprivation of due process under the Fourteenth Amendment with respect to termination of a specific employment position, a plaintiff must first establish a property interest in the employment.") (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 15

"To have a property interest in a job or job benefit, an employee must have a legitimate claim of entitlement, not just a unilateral expectation." *Latessa,* 113 F.3d at 1318 (citing *Roth,* 408 U.S. at 577). "Cognizable property interests can be created by sources such as state law and implied or express contracts." *Miller v. Twp. of Readington,* 39 Fed. Appx. 774, 775-76 (3d Cir.2002) (unpublished) (citations omitted).

In the Virgin Islands,

> public employees are divided into (1) "career service" and (2) "exempt service" employees. *See Martinez-Sanes v. Turnbull,* 318 F.3d 483, 487 (3d Cir.2003) ("Thus, employees of the Virgin Islands are divided into two categories, the '[Career] Service' entitled to Civil Service protection, and the 'Exempt Service' not so entitled."). The division between these two categories is set forth in 3 V.I.C. § 451a(c), which provides that "[a]ll positions in the Executive Branch of the United States Virgin Islands Government not exempted under subsection (b) of this section shall be in the career service." In other words, an employee is in the career service unless the employee holds an exempt position described in 3 V.I.C. § 451a(b)(1)-(8).
>
> . . .
>
> The exempt designation is important because employees in that category can be terminated without cause. Employees who are not "exempt" are then considered "career service" employees.
>
> The career service category is further divided by § 451 into two subcategories: employees who are "regular" and those who are "not regular," respectively. Thus, the categories of career service employees and regular employees are not interchangeable. *Richardson v. Felix,* 856 F.2d 505, 509 (3d Cir.1988).

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 16

> . . .
>
> [I]n interpreting Virgin Islands law, . . . [the Third Circuit has] held that under the employee termination procedures of § 530, employees who are "regular employees" may be terminated only for cause, thus granting them "a property interest in continued employment." *Id.; see also Martinez-Sanes,* 318 F.3d at 489 (stating, in interpreting Virgin Islands law, that "[o]nly '*regular* ' employees had Civil Service Protection" and vacating injunction based on procedural due process claim, because plaintiff had not completed his probationary period as required by the definition of "regular" employee.) (emphasis added); *Richardson,* 856 F.2d at 511 n. 8 ("As noted earlier in our discussion, section 530, the provision that makes *regular* employees terminable only for cause, also sets forth procedures for the termination of such employees.") (emphasis added). Accordingly, not all "career service" employees have due process protection, but rather, only those who also meet the definition of "regular" employees.

*Iles v. de Jongh,* 638 F.3d 169, 173-74 (3d Cir. 2011).

Wheatley alleges that she "was a member of the classified service of the Government of the Virgin Islands" during her years of service.[2] (Amended Complaint, ECF No. 6, at ¶ 13.) Later in her complaint, in a different claim, she alleges that the " . . . Government of the Virgin Islands improperly placed . . . [her position] in the exempt service, when the . . . [position] properly and legally should have been placed in the classified service . . . ." (*Id. at* ¶ 35.)

---

[2] The Virgin Islands Code uses the terms "classified service" and "career service" interchangeably. 3 V.I.C. § 451a(d).

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 17

The defendants argue that the Court should dismiss Wheatley's procedural due process claim because she did not allege that she was a regular employee and therefore has not alleged facts indicating that she has a property interest in her employment.

It is not clear from Wheatley's complaint whether her position was in the exempt service or in the career service, let alone whether she was a regular employee. As such, her allegations are clearly deficient.[3]

Moreover, Wheatley's claim suffers from further deficiencies. To succeed on a procedural due process claim,

> a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate. "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Dusanek v. Hannon,* 677 F.2d 538, 543 (7th Cir.1982); *see also Bohn v. County of Dakota,* 772 F.2d 1433, 1441 (8th Cir.1985). A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). If there is a process on the books that appears to provide due

---

[3]  In addition, the Court notes that other federal courts have refused to allow a procedural due process claim when an employee who was classified as a type of employee without a property interest in her employment alleged that she should have been classified as an employee with a property interest in her employment. *See, e.g., Christophel v. Kukulinsky,* 61 F.3d 479, 487 (6th Cir. 1995)(applying Ohio law); *Kizer v. Shelby Cty. Gov't,* 649 F.3d 462, 468 (6th Cir. 2011)(citing *Christophel v. Kukulinsky,* 61 F.3d 479 (6th Cir. 1995))(applying Tennessee law). This Court is in agreement with those decisions.

> process, the plaintiff cannot skip that process and
> use the federal courts as a means to get back what
> he wants. *See McDaniels v. Flick,* 59 F.3d 446, 460
> (3d Cir.1995); *Dwyer v. Regan,* 777 F.2d 825, 834-35
> (2d Cir.1985), *modified on other grounds,* 793 F.2d
> 457 (2d Cir.1986); *Riggins v. Board of Regents,* 790
> F.2d 707, 711-12 (8th Cir.1986).

*Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)(alterations in

original). "[A] procedural due process violation cannot have

occurred when the governmental actor provides apparently

adequate procedural remedies and the plaintiff has not availed

himself of those remedies." *Id.*

The Virgin Islands provides process to terminated regular

employees. *See* 3 V.I.C. § 530(a)(1). It is well-established that

a regular employee of the Virgin Islands must challenge his or

her termination before the Public Employees Relations Board

("PERB"). *Id.* As such, even if Wheatley had alleged facts

indicating that she was a regular employee of the Virgin

Islands, she would also have had to allege that she challenged

her termination before the PERB or allege facts indicating that

such an action would have been futile. She has made no such

allegations.

Accordingly, Wheatley has failed to state a procedural due

process claim.

### iii. Equal Protection Rights

Wheatley claims that the defendants have denied her "her rights to equal protection under the law . . . ." (First Amended Complaint, ECF No. 1, at § 15.) "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Lande v. City of Bethlehem*, 457 F. App'x 188, 192 (3d Cir. 2012). Race and sex are protected classes. *See Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006), *as amended* (Sept. 13, 2006).

Wheatley does not state how her equal protection rights were violated. While she does allege in the First Amended Complaint that she is "a black Hispanic female . . . ," (*id.* at § 3), she has not alleged that she was terminated from her position because she was black, Hispanic, or a woman.[4] Accordingly, she has failed to state an equal protection claim.

### iv.  First Amendment Rights

To plead a claim for discrimination based on political patronage in violation of the First Amendment, a plaintiff must assert:

> (1) that the employee work[ed] for a public agency
> . . . ,(2) that the employee maintained an

---

[4] In addition, no class-of-one equal protection claim is available to public employees. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 609 (2008).

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 20

>        affiliation with a political party; and (3) that
>        the employee's political affiliation was a
>        substantial or motivating factor in the adverse
>        employment decision.

*See Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir. 1995)(footnote

omitted).

     Wheatley alleges that she

>        was at all times relevant to this complaint the
>        Executive Director of the Virgin Islands Taxicab
>        Commission, United States Virgin Islands, and had
>        served in said capacity for six (6) years, until her
>        termination from her employment by letter dated
>        February 19, 2015, issued by Potter as Acting
>        Governor, in the absence of the Governor, with the
>        full authority of Mapp.

(ECF No. 6, at ¶ 8.) She further alleges that when she was

employed as the Executive Director of the Virgin Islands Taxicab

Commission, she was employed by the Government of the Virgin

Islands. (*Id.* at ¶ 2.)

     Wheatley also alleges that she is a registered member of

the Democratic Party. (*Id.* at ¶ 10.) She further alleges that

"[u]pon information and belief, both Mapp and Potter were aware

at the time of the termination of the Plaintiff that Plaintiff

is a [sic] registered in the Virgin Islands as a Democrat." (*Id.*

at ¶ 11.)

     In addition, Wheatley

>        asserts that her termination [wa]s the result of her
>        political association and in furtherance of the
>        Governor's, and the Lieutenant Governor's, political
>        patronage dismissals in order to select persons

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 21

> beyond the confidential and policy making positions
> to employ persons who supported their campaigns in
> the most recent election.

(*Id.* at ¶ 16.)

Considering all of these allegations, particularly the timing of her termination, the Court holds that Wheatley has pled a plausible claim.

Nevertheless, the defendants contend that this claim must be dismissed because Wheatley has failed to plead facts indicating that her position did not require political affiliation. Significantly, however, "the employer bears the burden of proving that the position is one for which party affiliation is an appropriate requirement, should it choose to raise the issue." *Robertson*, 62 F.3d at 599 n.2. As such, the defendants may, as an affirmative defense, attempt to establish that political affiliation is an appropriate requirement for Wheatley's position.

Regardless, "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014). Therefore, Wheatley's failure to plead facts demonstrating that political affiliation is not an appropriate requirement for her position is not fatal to her claim. As such, the defendants' objection is without merit.

### 2. Count Two: Breach of Contract

In Count Two, Wheatley asserts that "[t]he actions of Defendants are clearly a breach of those procedures and policies set forth in the Rules and Regulations of the V.I. Government personnel Department, which form the basis of the contract, express and implied between the Plaintiff and Defendants and became a bilateral agreement between the parties, which constitutes a contract to be enforced by the Plaintiff." (First Amended Complaint, ECF No. 1, at ¶ 26.)

The relevant allegations in this complaint are remarkably similar to the allegation in the breach of contract claim brought in *Liburd v. Gov't of Virgin Islands*, No. 2011-20, 2013 WL 960780, at *1 (D.V.I. Mar. 13, 2013). In that case, the plaintiff--a public employee--was instructed by her supervisor to submit a resignation letter. *Liburd*, 2013 WL 960780, at *1. She did so and her resignation was accepted, allegedly for political reasons. *Id.* at *2.  She then filed suit in this Court, alleging a number of claims, including a breach of contract claim. *Id.* at *1. The court dismissed the breach of contract claim. *Id.* at *10. The court reasoned as follows:

> According to the Complaint, Defendants' actions constitute a breach of contract (express and implied), by violating the policies and procedures set forth in the Rules and Regulations of the Virgin Islands Government Personnel Department. (Compl. at ¶ 46, Dkt. No. 1). Plaintiffs contend that these

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 23

>       Rules and Regulations form the basis of an express and
> implied contract between Plaintiffs and
> Defendants, which "became a bilateral agreement
> between the parties, which constitutes a contract to
> be enforced by the Plaintiffs." (*Id.*). However,
> Plaintiffs make no specific factual allegations
> concerning which clauses or provisions of the
> alleged contract might have been violated. (*See
> id.*).
>
>       To succeed on a breach of contract claim under Virgin
> Islands law, a plaintiff must prove four elements:
> (1) an agreement; (2) a duty created by that
> agreement; (3) a breach of that duty; and (4)
> damages. *Bank of Nova Scotia v. Ross,* Civ. No. 2010-
> 118, 2012 WL 4854776 at *4 (D.V.I. Oct. 12, 2012).
> Even assuming that the allegations are sufficient to
> plausibly state the existence of a contract,
> Plaintiffs have failed to allege specific facts
> supporting either (1) a duty created by that
> agreement or (2) a breach of that duty. Instead,
> Plaintiffs state only that "[t]he actions of
> Defendants are clearly a breach of those procedures
> and policies set forth in the Rules and Regulations
> of the V.I. Government Personnel Department."
> (Compl. at ¶ 46, Dkt. No. 1).
>
>       Plaintiffs have not alleged any particular duty owed
> them by Defendants under the alleged agreement, nor
> have Plaintiffs alleged how Defendants' actions
> breached this unspecified duty.
>
>       In short, Plaintiffs' breach-of-contract
> allegations amount to nothing more than the
> assertion that an agreement existed, and that
> Defendants breached unidentified terms of this
> contract. (*See id.*). As the Third Circuit has
> explained, district courts may disregard such bare
> legal conclusions. *See Fowler,* 578 F.3d at 210-11.
> Accordingly, Plaintiffs' breach of contract claim
> cannot survive Defendant's Motion for Judgment on
> the Pleadings.

*Id.* The Court agrees with the analysis of the court in *Liburd v.*

*Government of Virgin Islands*. Applying that reasoning to

Wheatley's breach of contract claim, the Court finds that

Wheatley, like the plaintiff in *Liburd*, has failed to allege any

contractual duty owed by the defendants and failed to allege how

a contractual duty was breached.  Accordingly, the Court will

dismiss Wheatley's breach of contract claim.

### 3. Count Three: Intentional Infliction of Emotional Distress

In Count Three, Wheatley alleges "that Defendants' actions

have affected her to such an extent that it appears that their

express intent was to inflict harm upon Plaintiff and that such

actions have caused harm to the Plaintiff." (First Amended

Complaint, ECF No. 1, at ¶ 30.) She also states that she "has

suffered emotional distress and harm all to her detriment, which

in turn has caused Plaintiff economic loss and pecuniary

injury." (*Id.* at ¶ 31.)

The court's analysis in *Liburd v. Government of the Virgin

Islands* is also instructive as to this claim. In that case, the

court dismissed an intentional infliction of emotional distress

claim, reasoning as follows:

> In order to state a claim for intentional infliction
> of emotional distress, "the plaintiff must allege
> that the defendant engaged in extreme and outrageous
> conduct that intentionally or recklessly caused
> severe emotional distress." *Boyd-Richards,* 2012 WL
> 13682 at *6. "Under Virgin Islands law, it is
> extremely rare to find conduct in the employment
> context that will rise to the level of
> outrageousness necessary to provide a basis for
> recovery for the tort of intentional infliction of

emotional distress." *Id.* (quoting *Speaks,* 2009 WL 167330, at *7) (internal quotation marks omitted). Indeed, there is a "high bar to meet" in order to state an intentional infliction of emotional distress claim:

> [Intentional infliction of emotional distress] occurs when one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another. In order to be liable for [intentional infliction of emotional distress], a defendant's conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

> *Glasgow v. Yeolia Water N. Am., Operating Servs., LLC,* Civ. No.2009-019, 2010 WL 3780966 at *8, 2010 U.S. Dist. LEXIS 99570 *28-29 (D.V.I. Sept. 21, 2010) (internal quotation marks and citations omitted).

> The Court finds that no allegations in Plaintiffs' Complaint plausibly show the existence of conduct that is so outrageous and extreme "as to go beyond all bounds of decency" and that should be "regarded as atrocious and utterly intolerable in civilized society." *See id.,* 2010 WL 3780966 at *9, 2010 U.S. Dist. LEXIS 99570 at *29-30 (finding, in the motion to dismiss context, that plaintiff's allegations of pervasive discrimination and employer's preferential treatment of Caucasian workers was not sufficiently outrageous to support intentional infliction of emotional distress claim).

*Id.* (alterations in original). The Court is again in agreement with the *Liburd* court's reasoning. Wheatley, like the plaintiff in *Liburd*, has failed to allege anything more than that she was wrongfully terminated by the defendants. She has failed to allege that the defendants engaged in any extreme or outrageous

conduct. Accordingly, the Court will dismiss Wheatley's

intentional infliction of emotional distress claim.

### 4. Count Four: Violations of Territorial Law

In Count Four, Wheatley alleged that the defendants

violated 3 V.I.C. § 274 ("Section 274") when they fired her.

Section 274, in relevant part, states that:

> [t]he [Virgin Islands Taxicab] Commission is charged
> with the responsibility for the continuance, further
> development, and improvement of taxicab passenger
> service within the territory and the overall
> regulation of taxicabs, taxicab companies, and
> taxicab associations. In addition to the other
> powers and duties granted to it by law, the
> Commission may . . . [h]ire an executive director,
> taxi inspectors who in addition to the powers
> granted elsewhere in this code shall have the
> specific power to issue traffic citations for the
> unauthorized operation of a taxi, and such other
> employees as the commission considers necessary to
> carry out the purpose of its duties . . . .

3 V.I.C. § 274(f)(11). As such, she argues that only the Virgin

Islands Taxicab Commission could fire her, not Mapp or Potter.

As a preliminary matter, the Court must determine whether a

private right of action exists under Section 274. On issues of

local law, the District Court of the Virgin Islands, in the

absence of a decision on the issue by the Virgin Islands Supreme

Court, predicts how that court would rule on the issue. *Edwards*

*v. HOVENSA, LLC*, 497 F.3d 355, 362 n.3 (3d Cir. 2007)("Now that

the Virgin Islands has established an insular appellate court

and will begin developing indigenous jurisprudence, the District

Court, when exercising jurisdiction over cases requiring the
application of Virgin Islands law, will be required to predict
how the Supreme Court of the Virgin Islands would decide an
issue of territorial law, and should seek guidance from Superior
Court decisions in undertaking this endeavor."). The Virgin
Islands Supreme Court recently held that courts should apply
"the common law approach discussed in *Miller* [*v. V.I. Housing
Authority*, No. CIV. 1998/0089, 2005 WL 1353395 (D.V.I. June 3,
2005)]" when determining whether a private right of action is
implied in a Virgin Islands statute. *See Rennie v. Hess Oil
Virgin Islands Corp.*, No. S.CT.CIV. 2014-0028, 2015 WL 525941,
at *11 (V.I. Feb. 6, 2015.)

In *Miller v. Virgin Islands Housing Authority*, the district
court performed an in-depth analysis of the common law approach
to implied private rights of action:

> Until 1975, the federal courts, following a common
> law tradition, regarded the denial of a remedy as
> the exception rather than the rule. *Jacobs v. Pabst
> Brewing Co.,* 549 F.Supp. 1050, 1055 (D.Del.1982)
> (reviewing the development of Supreme Court law on
> implied private causes of action). If a statute was
> enacted for the benefit of a special class, a remedy
> was recognized for members of that class. *See Texas
> & Pacific Co. v. Rigsby,* 241 U.S. 33, 39–40 (1916).
> In *Texas & Pacific Co. v. Rigsby,* the Court stated:
>
>> A disregard of the command of the statute is
>> a wrongful act, and where it results in damage
>> to one of the class for whose especial benefit
>> the statute was enacted, the right to recover
>> the damages from the party in default is

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 28

> implied, according to a doctrine of the common
> law expressed in 1 Comyn's Dig. title, 'Action
> upon Statute' (f), in these words: 'So, in
> every case, where a statute enacts or
> prohibits a thing for the benefit of a person,
> he shall have a remedy upon the same statute
> for the thing enacted for his advantage, or
> for the recompense of a wrong done to him
> contrary to the said law.' (Per Holt, Ch. J.,
> Anonymous, 6 Mod. 26, 27.) This is but an
> application of the maxim, *Ubi jus ibi*
> *remedium.*

*Miller*, 2005 WL 1353395, at *2 (footnote omitted). In light of

the Supreme Court of the Virgin Island's holding in *Rennie v.*

*Hess Oil Virgin Islands Corporation*, the Court will apply this

approach when determining whether a cause of action is implied

in a Virgin Islands statute.

Here, there is no indication that 3 V.I.C. § 274(f)(11) was

intended to provide a benefit to any individual. The statute is

much more naturally read as a grant of authority to the Virgin

Islands Taxicab Commission. Indeed, all the other provisions of

3 V.I.C. § 274(f) are positive grants of authority to the Virgin

Islands Taxicab Commission. Because the Court finds that 3

V.I.C. § 274(f)(11) was not enacted for the benefit of any

person, the Court finds that there is no implied right of action

in Section 274.[5]

---

[5]     In the defendants' motion to dismiss, they ask the Court to dismiss the
entire complaint. As such, it appears that they believe they moved to dismiss
every claim contained in the complaint. That said, with respect to Count

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 29

### 5. Punitive Damages

In her complaint, Wheatley demands punitive damages. The defendants argue that she has not pled the necessary facts to sustain a demand for punitive damages.

Although it is early in the action, a demand for punitive damages may be dismissed on a motion to dismiss for failure to state a claim. *See Boring v. Google Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010). "[I]n the Virgin Islands to get to a jury on the issue of punitive damages, the plaintiff is required to show that the acts complained of were outrageous, done with evil motive or reckless indifference to his rights." *Justin v. Guardian Ins. Co.*, 670 F. Supp. 614, 617 (D.V.I. 1987)(citing *Berroyer v. Hertz,* 672 F.2d 334 (3d Cir.1982) (quoting Restatement (Second) of Torts § 908(2) (1979))).

In this case, Wheatley has plausibly asserted a claim that she was dismissed on the basis of her affiliation with a

---

Four, the defendants have only argued that Count Four fails to state a claim under Section 274.

Significantly, although the allegations in Count Four cite to Section 274, the Count is titled "Violations of the Laws of the Virgin Islands." Indeed, after reviewing the allegations in Count Four, the Court interprets that count to assert violations of multiple statutes.

In Count Four, Wheatley alleges that the "Government of the Virgin Islands improperly placed both positions in which Plaintiff served in the exempt service, when the said positions properly and legally should have been placed in the classified service . . . ." First Amended Complaint, ECF No. 1, at ¶ 35. The Court interprets this allegation to allege a violation of the statute providing standards for classifying employees into the exempt and classified service, 3 V.I.C. § 451a ("Section 451a").

The Court takes no position on whether a Section 451a claim is properly pled or otherwise viable in this action.

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 30

political party. *See supra* Section III.B.1.iv. In *Bennis v.*

*Gable*, 823 F.2d 723 (3d Cir. 1987), the Third Circuit considered

a related issue--whether punitive damages were available when a

public employee was demoted for exercising his First Amendment

rights. In that case, the plaintiffs, two police officers in

Allentown, Pennsylvania, claimed that they both supported a

losing candidate for the Democratic nomination for mayor.

*Bennis*, 823 F.2d at 725. Thereafter, they both supported the

losing Republican candidate for mayor. *Id.* They did not support

the candidate who won the mayoral election during the Democratic

primary or the general election. *Id.* After the newly-elected

mayor took office, the police officers were demoted. *Id.* at 726.

The plaintiffs then filed suit against the chief of police,

the mayor, and the City of Allentown, alleging that the

plaintiffs' first amendment rights had been violated. *Id.* at

725. At trial, the jury held in the plaintiffs' favor and

awarded punitive damages against the chief of police and the

mayor. *Id.* at 726.

On appeal, the chief of police and the mayor argued that

the district court erred when it submitted the issue of punitive

damages to the jury. *See id.* at 734. The Third Circuit rejected

that argument. *Id.* It reasoned that "the law on first amendment

protected activity was not in such a state of flux that the
defendants can be said to have been reasonably unaware that they
could not demote the plaintiffs in retaliation for their alleged
activities." *Id.*

Similarly, here, the law on first amendment protected
activity is such that Mapp and Potter cannot be said to be
reasonably unaware that they could not terminate Wheatley's
employment on the basis of her membership in a political party,
if party affiliation is not an appropriate requirement for her
position. Given that it is premature for the Court to determine
whether party affiliation was an appropriate requirement for
Wheatley's position, *see supra* Section III.B.1.iv, it is
similarly premature for the Court to dismiss Wheatley's demand
for punitive damages.

Accordingly, the Court will not dismiss Wheatley's demand
for punitive damages.

### IV.   <u>CONCLUSION</u>

It is evident that as the Complaint currently stands, a
number of the claims are deficient. Where a claim is subject to
dismissal, district courts are instructed to provide the
plaintiff with leave to amend even if the plaintiff has not
requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515

F.3d 224, 245 (3d Cir. 2008). The only exception to this general rule is where the district court finds that amendment would be inequitable or futile. *See id.* The Court does not find that amendment would be futile or inequitable here, except insofar as Count One alleges claims against defendants who are not persons under 42 U.S.C. § 1983 and insofar as Count Four alleges a private right of action implied in 3 V.I.C. § 274(f)(11).

For the foregoing reasons, the defendants' motion to dismiss will be granted insofar as it seeks to: quash service on Mapp and Potter, in their individual capacities; dismiss Count One against the Government of the Virgin Islands; dismiss the demand in Count One for damages against Mapp and Potter, in their official capacities; dismiss the Due Process Clause claim; dismiss the Equal Protection Clause claim; dismiss the breach of contract claim; dismiss the intentional infliction of emotional distress claim; and dismiss the claim asserting a private right of action under 3 V.I.C. § 274(f)(11). The defendants' motion to dismiss is denied insofar as it seeks to dismiss the claims against Mapp and Potter, in their official capacities, for lack of proper service; to dismiss the First Amendment discrimination claim; and to dismiss the demand for punitive damages. The Court

*Wheatley v. Mapp, et al.*
Civil No. 2015-40
Memorandum Opinion
Page 33

will grant Wheatley leave to amend the claims for which

amendment is not futile.

An appropriate Order follows.


S\_____
**Curtis V. Gómez**
**District Judge**